**STATE ex BASSICHIS et v ZANGERLE et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12107.   Decided June 20, 1932

Abraham Kollin, Cleveland, for Relator.
P. L. A. Lieghley, Cleveland, for Defendants.

MAUCK, PJ, and MIDDLETON, J, (4th Dist) and FARR, J, (7th Dist) sitting.

MIDDLETON, J.

The action is prosecuted under favor of §2588 GC.

The provisions of that section have uniformly been held to apply only to clerical errors, and it is insisted by the relators that the failure of the Auditor to make the deduction as contended for was a clerical error.

With this contention we do not agree. We are not persuaded in the first instance that the neglect and failure of the Auditor as complained of constituted an error. If, under the allegations of the petition the Auditor was required to act in any way, his failure so to do was not an error, but simply a neglect of a duty imposed upon him by law. While in a certain sense the tax duplicate was erroneous in respect to the property of the relators, yet if their contention is sufficient to show any duty on the part of the County Auditor to act, that duty was fundamental and not clerical. This is so for the reason that the duty is one involving an examination in the discretion of the County Auditor in fixing the value for taxation and is not one to be performed merely by clerical work on his records.

If the relators began in 1919 to remove and destroy the buildings then standing upon their lands, it then became their statutory duty as provided by §2591 GC to inform the County Auditor that the old buildings had been destroyed. We know of no provisions of law which impose upon the County Auditor the duty to know of the changes made in the way of the tearing down of old buildings and the construction of new buildings in their place, unless and until the owner of the property gives notice to the County Auditor of the changes so made. If without such notice the landowner continues to pay taxes as did the relators in the instant case, such payments must be held to be voluntary and not subject to review by the court. While the relators undertake to avoid all liability on their part by the averment in their pleading that they were ignorant of the failure and neglect of the Auditor until 1931, such claim on their part does not relieve them of responsibility, because during all the years in which they paid the taxes complained of, they had the means at their command to know whether their property was being properly listed and taxed.

So that assuming that the petition states facts sufficient to show errors, it also clearly makes it manifest that the complaint deals with fundamental errors, if there were errors, and that the relators have voluntarily paid the taxes of which they now complain.

The demurrer is sustained and the petition of the relators will be dismissed unless they desire leave to plead further.

MAUCK, PJ, and FARR, J, concur.